UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| RICHARD SHARP, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:12-CR-11-RLJ-HBG-1 |
| | ) | | 3:16-CV-335-RLJ |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 36]. Petitioner bases his request for relief on the recent United States Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague [*Id.*]. Respondent agrees Petitioner is entitled to relief [Doc. 38]. For the reasons stated below, the motion [Doc. 36] will be **GRANTED**; the Court will order a full resentencing hearing to be set as soon as reasonably practicable.

## I.     BACKGROUND

In 2012, Petitioner pled guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 14]. Petitioner was ultimately deemed an armed career criminal under 18 U.S.C. § 924(e) [Presentence Investigation Report ("PSR") ¶ 27] based on prior Tennessee convictions for burglary, attempted aggravated burglary, and the manufacture of methamphetamine [*Id.* ¶¶ 33–34, 37]. As a result of this categorization, Petitioner's original base offense level of 24 was enhanced to a base offense level of 33 [*Id.* ¶¶ 16, 22], resulting in a total offense level of 30 after reduction for acceptance of responsibility [*Id.* ¶¶ 23–25]. When

combined with his criminal history category of VI, Petitioner received a United States Sentencing Guidelines range of 168 to 210 months imprisonment [*Id.* ¶¶ 40, 63], and an effective range of 180 to 210 months after application of the § 924(e)'s 15 year mandatory minimum [*Id.* ¶ 62]. The United States filed a motion for downward departure and, as a result, the Court sentenced Petitioner to a below-guideline 150 months' incarceration followed by five years' supervised release on February 12, 2013 [Doc. 33]. No appeal was taken, the sentence became final for purposes of 2255(f)(1) on February 26, 2013, at expiration of time to file an appeal.

More than three years later—on June 17, 2016—Petitioner filed the instant § 2255 motion, alleging that he is no longer an armed career criminal in light of *Johnson* [Doc. 36]. Respondent filed a response in support of the request for relief on July 18, 2016 [Doc. 38].

## II.    TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). The petition's reliance on *Johnson* triggers the renewed one-year limitations period under subsection (f)(3). *See Welch v. United States*, No. 15-6418, 2016 U.S. LEXIS 2451, at *16 (U.S. Apr. 18, 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy*

2

*Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). The renewed period began to run on June 26, 2015 and, as a result, Petitioner's motion falls safely within the window for requesting collateral relief [Doc. 36].

## 1. STANDARD OF REVIEW AND ANALYSIS

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and 3 years' supervised release, 18 U.S.C. § 3583(b)(2). However, if the felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15 year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. § 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force

3

clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCAs use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns—and is thus invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the ACCA's residual clause. *Compare United States v. Ozier*, 796 F.3d 597, 603 (6th Cir. 2015) (finding district court did not err by categorizing defendant as an armed career criminal where all three predicate offenses qualified under the enumerated-offense and use-of-physical-force clauses of the ACCA), *with United States v. Bell*, 612 F. App'x 378, 379–380 (6th Cir. 2015) (finding *Johnson* precluded defendant from being sentenced as an armed career criminal because one of her three predicate offenses, aggravated assault, failed to qualify under the enumerated-offense and use-of-physical force clauses).

One of Petitioner's three predicate offenses was for attempted aggravated burglary. The offense does not qualify as a violent felony under the ACCA's use-of-force clause because it does not have as an element the use, attempted use, or threatened use of violent force against another, *see Untied States v. Barnett*, 540 F. App'x 532, 536–37 (6th Cir. 2013) (citing *Descamps* and explaining a statute only meets the first subcategory of violent felony under the

4

ACCA where violations categorically require the use or attempted use of violent physical force), and does not fall within one of the provision's enumerated categories of violent felony, *see e.g., United States v. Bureau*, 52 F.3d 584, 590–93 (6th Cir. 1995) (noting that burglary qualifies under the enumerated-offense clause, but attempted burglary could only qualify under the "otherwise" residual clause). The *Johnson* decision thus dictates that the conviction can no longer be used to designate Petitioner an armed career criminal under § 924(e). As a result, Petitioner's 150 month term of imprisonment and 5 years' supervised release [Doc. 33] exceed his maximum authorized sentence as a non-ACCA offender under § 922(g)(1) by 30 months' incarceration and 2 years' supervised release. *See* 18 U.S.C. § 924(a)(1)(D)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than 10 years."). The Court finds a clear entitlement to relief.

Where a § 2255 claim has merit, district courts have the discretion to choose between discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or granting the petitioner a new trial. 28 U.S.C. § 2255(b). Absent ACCA designation, Petitioner's base offense level of 24, total offense level of 21, and criminal history category of VI would have resulted in an advisory guideline range of 77 to 96 months' imprisonment. The United States, however, suggests that an upward variance pursuant to Section 4A1.3 of the United States Sentencing Guidelines might be appropriate in light of Petitioner's (1) possession of nearly double the criminal history points necessary for his level VI categorization and (2) commission the instant offense while on probation for earlier criminal offenses [Doc. 38 pp. 4–5; PSR ¶¶ 39, 40]. As a result, the Court finds resentencing to be the most appropriate form of relief. *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing]' the

sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence.").

## IV.  CONCLUSION

For the reasons discussed above, Petitioner's § 2255 petition [Doc. 36] will be **GRANTED**.  As such, the sentence dated February 12, 2013 will be **VACATED** and resentencing will be scheduled by order as soon as reasonably practicable.


**IT IS SO ORDERED.**

ENTER:


_____
s/ Leon Jordan
United States District Judge

6